**IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF MISSOURI
AT ST. LOUIS, MISSOURI**

| | | |
|---|---|---|
| **SHARON COOLEY GEORGE** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. _____** |
| | ) | |
| **CNS TRANSPRO, LLC** | ) | **JURY TRIAL DEMANDED** |
| **Serve:** | ) | |
|     **Lindsay R. Snyder** | ) | |
|     **1904 1ˢᵗ Avenue** | ) | |
|     **Scottsbluff, NE 69361-1204** | ) | |
| **and** | ) | |
| | ) | |
| **JOHN LINTZ** | ) | |
| **Serve at:** | ) | |
|     **2002 Ave. O** | ) | |
|     **Scottsbluff, NE 69631** | ) | |
| | ) | |
|     **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Sharon George, by and through her undersigned counsel, and for their Complaint against Defendants CNS Transpro LLC. ("Defendant CNS"), and John Lintz, state and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Sharon Cooley George is a citizen and resident of California.

2.    Defendant John Lintz is a citizen and resident of Nebraska.

3.    Defendant CNS was Defendant John Lintz's employer at the time of the incident, and owned the vehicle involved in the collision with Plaintiffs. CNS may be served with process via its registered agent listed above.

4.    Defendant CNS is a Nebraska limited liability company, whose principle place of

business is in Nebraska. As such, Defendant CNS is a resident of Nebraska.

5.      This is a negligence case where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States with the Defendants residing the State of Nebraska and the Plaintiffs residing in California.  Thus, jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1).

6.      Venue is proper in the Eastern District of Missouri, United States District Court, in the subject crash occurred in St. Charles County, Missouri.

## GENERAL ALLEGATIONS

7.      On or about June 5, 2016, Plaintiff Sharon George was a passenger in a 2008 General Motors, Corp. Savana Budget Truck (hereinafter "Budget Truck" or "Plaintiff's vehicle"), and traveled eastbound on Interstate 64 in St. Charles County, Missouri.

8.      Plaintiff, Sharon Cooley George, rode in the front passenger seat of the vehicle driven by Bruce William George.

9.      At the same time and place, Defendant John Lintz, drove a Kenworth Motor Truck Co. T800 Tractor-Trailer (hereinafter "Tractor-Trailer"), also traveled eastbound on Interstate 64.

10.      Immediately prior to the subject crash, Defendant Lintz traveled directly behind Plaintiff's vehicle.

11.       Plaintiff's vehicle slowed in response to traffic ahead of them, and Defendant Lintz's failed to slow or stop, and the Tractor-Trailer struck the rear of Plaintiff's vehicle.

12.      Immediately prior to the subject crash, Defendant Lintz was reaching for coffee and was not looking at the roadway.

13.      This collision caused Plaintiff's vehicle to become separated from its towed unit, and turn over.

2

14.     In addition, the Tractor-Trailer's impact caused Plaintiffs' vehicle to come into contact with other vehicles.

15.     As a result of the Subject Incident and the wrongful and negligent acts and/or omissions of CNS Transpro, LLC and John Lintz, Plaintiff Sharon George suffered severe, permanent and progressive personal injuries to her neck, back, right arm, hand, and a traumatic brain injury.

16.     At all times relevant herein, including the time of the Subject Incident:

   a.  CNS Transpro, LLC owned the Tractor Trailer operated by John Lintz;

   b.  CNS Transpro, LLC leased, rented, operated and/or utilized the Tractor Trailer;

   c.  Defendant John Lintz leased, rented, operated and/or utilized the Tractor-Trailer.

17.     At all times relevant herein, including the time of the Subject Incident:

   a. John Lintz was the actual, apparent and ostensible agent, servant and employee of CNS Transpro, LLC;

   b. John Lintz was operating the Tractor-Trailer for his own interests and for his own profitable benefit;

   c. John Lintz was operating the Tractor-Trailer for the interests and profitable benefit of CNS Transpro, LLC;

   d. John Lintz was operating the Tractor-Trailer for the benefit and on behalf of CNS Transpro, LLC in the course and scope of his employment, agency and servitude with CNS Transpro, LLC;

   e. John Lintz was operating the Tractor Trailer to serve the interests of CNS Transpro, LLC, pursuant to an express or implied agreement between CNS

3

Transpro, LLC and John Lintz;

    f.   CNS Transpro, LLC, had the right to control the conduct of John Lintz;

    g.  John Lintz was operating the Tractor-Trailer for a single business enterprise for profit, for which purpose CNS Transpro, LLC, and John Lintz combined their property, money, effects, skills and knowledge;

    h.  John Lintz was operating the Tractor-Trailer wherein CNS Transpro, LLC, and John Lintz each held a community of interest in accomplishing a common business purpose; and/or

    i.   The Subject Incident occurred during and in furtherance of a joint venture and agreement between CNS Transpro, LLC, and John Lintz, wherein each had a right of control and right to share in the profits of the joint venture, and each had a duty to share in any losses that may be sustained as a result of the joint venture.

18.     Defendants each caused, or contributed to cause the injuries sustained by Plaintiff, and as such, the independent acts and/or omissions of Defendants resulted in indivisible injuries to Plaintiff.  As a result, Defendants are jointly and severally liable for the injuries to Plaintiff.

<u>**COUNT I**</u>
**(ALL DEFENDANTS-NEGLIGENCE)**

19.     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint, as if fully set forth herein.

20.     In operating the Tractor-Trailer upon a highway or road in Missouri, CNS Transpro, LLC and John Lintz owed others, including Plaintiff, a duty of care.

21.     Per § 304.012, RSMo, Defendants owed Plaintiff the highest degree of care while operating on the roadway.

4

22.     CNS Transpro, LLC and John Lintz, breached their duty of care, and were negligent in at least the following respects:

    a.   John Lintz failed to keep a careful lookout;

    b.   John Lintz failed to drive at a safe distance behind Plaintiff's vehicle;

    c.   John Lintz drove at an excessive speed;

    d.   John Lintz failed to sound his horn or provide any warning of a potential collision;

    e.   John Lintz failed to stop, swerve, or timely apply his brakes when there was sufficient time to do so to prevent the subject collision;

    f.   John Lintz was inattentive in his driving of the Tractor-Trailer;

    g.   John Lintz was distracted while driving the Tractor-Trailer;

    h.   John Lintz operated the Tractor-Trailer while his ability and/or alertness was so impaired, or so likely to become impaired, through fatigue, illness or other cause, as to make it unsafe for him to operate the Tractor-Trailer;

    i.   John Lintz drove the Tractor-Trailer at a time that its brakes and other parts, accessories and equipment were not in good working order; and/or

    j.   John Lintz rear-ended Plaintiff's vehicle;

    k.   John Lintz operated the Tractor-Trailer when he was fatigued;

    l.   John Lintz operated the Tractor-Trailer when he his ability and alertness were likely to be impaired.

23.     CNS Transpro, LLC is vicariously liable for the negligent acts and/or omissions of John Lintz, in that CNS was acting by and through John Lintz as their agent, servant, and/or employee at the time that John Lintz engaged in such negligent acts and/or omissions.

24.     As a direct and proximate result of the negligent acts and/or omissions of John Lintz and of CNS Transpro, LLC, acting by and through John Lintz, Plaintiff Sharon George suffered sustained severe, permanent and progressive personal injuries to her neck, back, right arm, hand and suffered a traumatic brain injury.

25.     As a further direct and proximate result of the Subject Incident and the negligent acts and/or omissions of John Lintz and CNS Transpro, LLC, acting by and through John Lintz, Plaintiff Sharon George sustained damages, including:

       a.   Past medical and rehabilitation expenses;

       b.   Future medical and rehabilitation expenses;

       c.   Past, present and future pain, suffering, emotional distress, and psychological anguish that caused and will continue to cause Plaintiffs to lose enjoyment of their lives; and

       d.   Permanent scarring and disfigurement.

26.     For the reason expressed above, the conduct of CNS Transpro, LLC and John Lintz was reckless, malicious, and showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others from like conduct.  Defendants knew or should have known that persons, including Plaintiffs, would be seriously injured or killed as a result of their conduct.

## COUNT II
## (ALL DEFENDANTS-NEGLIGENCE PER SE)

27.     Plaintiff hereby incorporates by reference the above paragraphs of this Complaint, as if fully set forth herein.

28.     The Subject Incident and the injuries and damages described herein are the direct

and proximate result of CNS Transpro, LLC's and/or John Lintz's violations of statutory and regulatory authority in at least the following respects:

    a.  John Lintz failed to operate the Tractor-Trailer in a careful and prudent manner and failed to exercise the highest degree of care, in violation of 49 C.F.R. § 392.3, in that he failed to keep a careful lookout, failed to drive at a safe distance behind Plaintiff's vehicle, and drove at an excessive speed;

    b.  John Lintz failed to operate the Tractor-Trailer in a careful and prudent manner and failed to exercise the highest degree of care, in violation of 49 C.F.R. § 392.3, when his ability or alertness was so impaired through fatigue, illness, or another cause, as to make it unsafe for him to begin or continue to operate the Tractor-Trailer;

    c.  John Lintz failed to operate the Tractor-Trailer in a careful and prudent manner and failed to exercise the highest degree of care, in violation of 49 C.F.R. § 392.6, in that he drove the Tractor-Trailer under a schedule or between points in such period of time as would necessitate the Tractor-Trailer being operated at speeds greater than those prescribed by the jurisdictions in or through which the Tractor-Trailer was being operated; and/or

    d.  John Lintz failed to operate the Tractor-Trailer in a careful and prudent manner and failed to exercise the highest degree of care, in violation of 49 C.F.R. § 392.7, in that he drove the Tractor-Trailer at a time when its parts, accessories and equipment were not in good working order and/or he failed to make use of necessary parts, accessories and equipment;

    e.  John Lintz failed to operate his vehicle in a careful and prudent manner, and

7

failed to exercise the highest degree of care, in violation of R.S.Mo. § 304.012, in that he failed to use the requisite degree of caution in his operation of the Tractor-Trailer;

f.  John Lintz failed to operate his vehicle in a careful and prudent manner, and failed to exercise the highest degree of care, in violation of R.S.Mo. § 304.012, in that he drove at an excessive speed prior to the crash;

g.  John Lintz failed to operate his vehicle in a careful and prudent manner, and failed to exercise the highest degree of care, in violation of R.S.Mo. § 304.012, in that he drove distracted;

h.  John Lintz failed to operate his vehicle in a careful and prudent manner, and failed to exercise the highest degree of care, in violation of R.S.Mo. § 304.012, in that he failed to drive at a safe distance behind Plaintiffs' vehicle prior to the crash and rear-ended Plaintiffs' vehicle;

i.  John Lintz failed to operate the Tractor-Trailer in a careful and prudent manner and failed to exercise the highest degree of care, in violation of R.S.Mo. § 304.014, in that he failed to observe and comply with the Rules of the Road;

j.   John Lintz operated the Tractor-Trailer at an excessive speed over and above the posted speed limit, in violation of R.S.Mo. § 304.009 and R.S.Mo. § 304.010;

k.  John Lintz followed Plaintiff's vehicle at a distance more closely than is reasonably safe and prudent, in violation of R.S.Mo. § 304.017;

l.  John Lintz violated R.S.Mo. § 304.044 in that he followed Plaintiff's vehicle with less than 300 feet between the Tractor-Trailer and Plaintiffs' vehicle on a

8

public highway.

29.     At the time of the violations alleged above, Plaintiff a passenger in a motor vehicle on a Missouri roadway, and thus, belonged to the class of persons that these Missouri statutes and the Federal Motor Carrier Safety Regulations were enacted and intended to protect.

30.     The above-referenced violations of Missouri statutes and the Federal Motor Carrier Safety Regulations were the direct and proximate cause of the Subject Incident.

31.     CNS Transpro, LLC is vicariously liable for the violations of John Lintz, in that CNS was acting by and through John Lintz as their agent, servant, and employee at the time that Defendant John Lintz engaged in such negligent acts and/or omissions.

32.     CNS Transpro, LLC is independently liable for the FMCSR violations listed above pursuant to Part 390 of the Federal Motor Carrier Safety Regulations.

33.     As a direct and proximate result of the negligence per se of John Lintz and of CNS Transpro, LLC, acting by and through John Lintz, Plaintiff Sharon George suffered sustained severe, permanent and progressive personal injuries, including injuries to her neck, back, right arm, hand, and suffered a traumatic brain injury.

34.     As a further direct and proximate result of the Subject Incident and the violations by John Lintz and CNS Transpro, LLC, acting by and through John Lintz, Plaintiff Sharon George sustained damages, including:

    a.   Past medical and rehabilitation expenses;

    b.   Future medical and rehabilitation expenses;

    c.   Past, present and future pain, suffering, emotional distress, and psychological anguish that caused and will continue to cause Plaintiffs to lose enjoyment of their lives; and

      d.  Permanent scarring and disfigurement.

35.     As a direct and proximate result of the negligence per se of John Lintz and of CNS Transpro, LLC, acting by and through John Lintz, Plaintiff Bruce George suffered sustained severe, permanent and progressive personal injuries, including injuries to his neck and back.

36.     As a further direct and proximate result of the Subject Incident and the violations by John Lintz and CNS Transpro, LLC, acting by and through John Lintz, Plaintiff Bruce George sustained damages, including:

      a.  Future medical and rehabilitation expenses;

      b.  Past, present and future pain, suffering, emotional distress, and psychological anguish that caused and will continue to cause Plaintiffs to lose enjoyment of their lives; and

      c.  Permanent scarring and disfigurement;

37.     For the reason expressed above, the violations by John Lintz and CNS Transpro, LLC, acting by and through John Lintz was reckless, malicious, and showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others from like conduct.

## COUNT III
### (CNS TRANSPRO, LLC -NEGLIGENT HIRING, TRAINING, SUPERVISION AND ENTRUSTMENT)

38.     Plaintiffs hereby incorporate by reference the above paragraphs of this Complaint, as if fully set forth herein.

39.     Under both common law and pursuant to Parts 390 *et seq.* of the Federal Motor Carriers Safety Regulations, CNS Transpro, LLC owed the general public, including Plaintiff, a

continuing duty to supervise John Lintz and investigate and monitor John Lintz's ability, fitness and qualifications to operate a commercial motor vehicle in interstate commerce.

40.     CNS Transpro, LLC breached its duty of care, and was negligent in at least the following respects:

a. CNS Transpro, LLC failed to determine that John Lintz lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment or contracting with CNS Transpro, LLC;

b. CNS Transpro, LLC failed to provide adequate and sufficient training to John Lintz such that he could obtain the requisite ability, fitness and qualifications to operate the Tractor-Trailer;

c. CNS Transpro, LLC failed to determine that John Lintz lacked the requisite ability, fitness and qualifications to operate a commercial vehicle between the time of his first employment or contracting with CNS Transpro, LLC and the Subject Incident;

d. CNS Transpro, LLC failed to ensure that John Lintz possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations so as to be in a position to comply with said regulatory scheme and safely operate the Tractor-Trailer;

e. CNS Transpro, LLC failed to monitor the activities of John Lintz so as to become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations;

f. CNS Transpro, LLC entrusted and allowed John Lintz to operate the Tractor-Trailer at a time when it knew, or should have known, that he lacked the

11

requisite ability, fitness and qualifications to safely operate the Tractor-Trailer at the time of the Subject Incident; and/or

g.  CNS Transpro, LLC entrusted and allowed Defendant John Lintz to operate the Tractor-Trailer at a time when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations so as to safely operate the Tractor-Trailer.

41.     As a direct and proximate result of the negligent acts and/or omissions of CNS Transpro, LLC, Plaintiff Sharon George suffered and sustained severe, permanent and progressive personal injuries to her neck, back, right arm, hand, and suffered a traumatic brain injury.

42.     As a further direct and proximate result of the Subject Incident and the negligent acts and/or omissions of CNS Transpro, LLC, Plaintiff Sharon George sustained damages, including:

a.  Past medical and rehabilitation expenses;

b.  Future medical and rehabilitation expenses;

c.  Past, present and future pain, suffering, emotional distress and psychological anguish that caused and will continue to cause Plaintiffs to lose enjoyment of their lives; and

d.  Permanent scarring and disfigurement.

43.     As a direct and proximate result of the negligent acts and/or omissions of CNS Transpro, LLC, Plaintiff Bruce George suffered and sustained severe, permanent and progressive personal injuries to his neck and back.

44.     For the reason expressed above, the conduct of CNS Transpro, LLC showed complete indifference to or conscious disregard for the safety of others, including Plaintiff,

justifying the imposition of punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from like conduct.

**COUNT IV**
**(CNS TRANSPRO, LLC – NEGLIGENCE PER SE)**

45.     Plaintiff hereby incorporates by the above paragraphs of this Complaint, as if fully set forth herein.

46.     The Subject Incident and the injuries and damages described herein are the direct and proximate result of CNS Transpro, LLC's violations of Part 390 *et seq.* of the Federal Motor Carriers Safety Regulations, in at least the following respects:

    a.  CNS Transpro, LLC failed to determine that John Lintz lacked the requisite ability, fitness and qualifications to operate a commercial vehicle at the time of his first employment or contracting with CNS Transpro, LLC;

    b.  CNS Transpro, LLC failed to provide adequate and sufficient training to John Lintz such that he could obtain the requisite ability, fitness and qualifications to operate the Tractor-Trailer;

    c.  CNS Transpro, LLC failed to determine that John Lintz lacked the requisite ability, fitness and qualifications to operate a commercial vehicle between the time of his first employment or contracting with CNS Transpro, LLC and the Subject Incident;

    d.  CNS Transpro, LLC failed to ensure that John Lintz possessed sufficient knowledge of the Federal Motor Carrier Safety Regulations so as to be in a position to comply with said regulatory scheme and safely operate the Tractor-Trailer;

    e.  CNS Transpro, LLC failed to monitor the activities of John Lintz so as to

13

become aware of his failure to comply with one or more of the Federal Motor Carrier Safety Regulations;

f. CNS Transpro, LLC entrusted and allowed John Lintz to operate the Tractor-Trailer at a time when it knew, or should have known, that he lacked the requisite ability, fitness and qualifications to safely operate the Tractor-Trailer at the time of the Subject Incident; and/or

g. CNS Transpro, LLC entrusted and allowed John Lintz to operate the Tractor-Trailer at a time when it knew, or should have known, that he was not in compliance with one or more of the Federal Motor Carrier Safety Regulations so as to safely operate the Tractor-Trailer.

47. The above-referenced Federal Motor Carrier Safety Regulations were enacted and intended to protect motorists, passengers and pedestrians from the dangerous operation of vehicles, which included Plaintiff.

48. At the time of the violations alleged above, Plaintiffs was a passenger in a motor vehicle on a roadway, and thus, belonged to the class of persons that these Federal Motor Carrier Safety Regulations were enacted and intended to protect.

49. The above-referenced violations of the Federal Motor Carrier Safety Regulations were the direct and proximate cause of the Subject Incident.

50. CNS Transpro, LLC is liable for the violations listed above pursuant to Part 390 *et seq.* of the Federal Motor Carrier Safety Regulations.

51. As a direct and proximate result of the negligence per se of CNS Transpro, LLC, Plaintiff Sharon George suffered sustained severe, permanent and progressive personal injuries to her neck, back, right arm, hand, and suffered a traumatic brain injury.

14

52.     As a further direct and proximate result of the Subject Incident and the violations by CNS Transpro, LLC, Plaintiff Sharon George sustained damages, including:

  a.   Past medical and rehabilitation expenses;

  b.   Future medical and rehabilitation expenses;

  c.   Past, present and future pain, suffering, emotional distress, and psychological anguish that caused and will continue to cause Plaintiffs to lose enjoyment of their lives; and

  d.   Permanent scarring and disfigurement.

53.     For the reason expressed above, the violations by CNS Transpro, LLC showed complete indifference to or conscious disregard for the safety of others, including Plaintiffs, justifying the imposition of punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Sharon George prays for judgment against Defendants, joint and severally, for the damages pled herein, that include

  a)   Past medical and rehabilitation expenses;

  b)   Future medical and rehabilitation expenses

  c)   Past, present and future pain, suffering, emotional distress and psychological anguish that caused and will continue to cause Plaintiff to lose enjoyment of their lives;

  d)   Permanent scarring and disfigurement and;

  e)   Punitive damages.

**JURY DEMAND**

Plaintiff Sharon Cooley George hereby demand a trial by jury on all allegations, claims and causes of action asserted herein.

Respectfully submitted,

**LANGDON & EMISON**


/s/ J. Kent Emison
J.  Kent Emison, MO# 29721
Mark Emison, MO# 63479
LANGDON & EMISON
911 Main Street
PO Box 220
Lexington, Missouri 64067
(660) 259-6175
(660) 259-4571 Fax
kent@lelaw.com
mark@lelaw.com

**ATTORNEYS FOR PLAINTIFF**

16